UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
    Plaintiff,

vs.                                                01-1407

JAMES SCHOMIG, et al,
    Defendants.

## ORDER

This cause is before the court for consideration of the plaintiff's motion to reconsider the court's March 28, 2005 court order granting the defendants motion for summary judgement. [d/e 65].

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff's motion was filed in the necessary time frame so the court will consider the motion pursuant to Federal Rule 59(e).

A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th cir. 1992)

The plaintiff argues that the court's ruling on the dispositive motion was premature. On February 23, 2005, the court entered an order in an attempt to expedite this case. The defendants were directed to file a motion for summary judgement on or before March 18, 2005. The plaintiff was also instructed that he must file a response on or before March 25, 2005. Unfortunately, when the defendants filed their motion for summary judgement on March 18, 2005, the clerk of the court sent out the standard notice of a dispositive motion which told the plaintiff that he must file a response within 21 days. The court granted the motion for summary judgement on March 28, 2005 and the plaintiff's response was received the next day.

The plaintiff is proceeding pro se and the court can understand how the contradictory deadline information was confusing. The plaintiff did abide by the most recent deadline he was provided. Therefore, the court will grant the plaintiff's motion to reconsider.

The court will reopen the case, strike the March 28, 2005 order granting summary

judgement and the judgement in favor of the defendants and reinstate the pending motion for summary judgement. [d/e 59].   The court will consider the dispositive motion and the response provided by the plaintiff.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for reconsideration is granted. [d/e 65]**

**2) The clerk of the court is directed to strike the March 28, 2005 order granting the motion for summary judgement [d/e 62] and the judgement in favor of the defendants [d/e 63].**

**3) The clerk of the court is also directed to reinstate the motion for summary judgement. [d/e 59].  The court will consider the motion and the response filed by the plaintiff. [d/e 64]**

Entered this 31st  day of October, 2005.

                                        **s\Harold A. Baker**
                           _____
                              HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE