UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
    Plaintiff,

vs.                                                                 01-1407

JAMES SCHOMIG, et al.
    Defendants.

ORDER

    This cause is before the court for consideration of the defendants' motion for summary judgement [d/e 59] and plaintiff's response. [d/e 64]

I.  BACKGROUND

    The plaintiff originally filed his complaint pursuant to 42 U.S.C. §1983 alleging that seven defendants violated his constitutional rights at the Pontiac Correctional Center.  On February 19, 2003, the court granted the defendants' motion to dismiss the plaintiff's complaint. The court found that the plaintiff's claims concerning the loss or destruction of his dentures, the illegal search of his cell, and any official capacity claims failed to state a claim upon which relief could be granted. *See* February 19, 2003 Court Order.

    While the court dismissed the complaint, it also noted that it was possible the plaintiff may have two claims that the defendants violated his Eighth Amendment rights.  However, the plaintiff had failed to identify the proper defendants.  The court gave the plaintiff twenty-one days to file an amended complaint for the purpose of clarifying these potential claims.

    The plaintiff then filed various appeals to the United States Court of Appeals for the Seventh Circuit.  The appeals were eventually dismissed.

    The plaintiff did file a proposed amended complaint which named five defendants, but it was difficult to decipher.  In addition, the plaintiff still had not properly identified the involvement of the named defendants, had not provided specific dates or events, and had not followed the court's instructions.  Therefore, the court struck the plaintiff's proposed amended complaint. *See* February 23, 2005 Court Order.

    To expedite the case, the court found that the plaintiff had adequately alleged two violations of his Eighth Amendment rights:

    1) the plaintiff was denied medical care when he was denied replacement dentures; and
    2) the plaintiff was denied a soft food diet and was unable to eat.

1

The claims were against Defendants James Schomig, Douglas Cravens, Donald Snyder, Kling, Forbes and George Ryan in their individual capacities only.

## II. FACTS

The plaintiff has failed to respond directly to the defendants' statement of undisputed facts. The following facts are taken from the dispositive motion and exhibits

The plaintiff's dentures were lost or destroyed in June of 2001. The plaintiff then filed a grievance on June 26, 2001. The main contention in the plaintiff's grievance is that officers deliberately destroyed his dentures. At the end of his grievance, the plaintiff states that eating food without his dentures causes his gums to bleed. (Def. Memo, grievance).

The grievance officer at Pontiac Correctional Center recommended the denial of the plaintiff's grievance because it was the plaintiff's own misconduct that lead to the loss of his dentures. "The original dentures were lost when Mr. Young used the milk carton containing the dentures to thrown milk onto the gallery. The carton was confiscated and disposed of before the prison staff was made aware that the dentures were in it." (Def. Memo, Cravens Aff.) The defendants say the plaintiff was not entitled to new dentures.

The defendants state that the plaintiff was given his dentures in March of 2000. At that time, the plaintiff "signed a form acknowledging that he would not be provided replacements for five years unless the original dentures broke or Mr. Young paid the lab expenses associated with replacements.' (Def Memo, Cravens Aff.)

A designee for Warden Schomig concurred in the denial of the plaintiff's grievance. Defendant Schomig says he routinely delegated the handling of items such as inmate grievances to his executive assistants or other designees. (Def. Memo, Schomig Aff.) Schomig says he has no personal knowledge of the plaintiff In addition, Schomig says he has no medical license and has no personal involvement in the medical care of any individual inmate.

Defendant Cravens was a member of the Administrative Review Board and handled the plaintiff's appeal of his grievance. Cravens says because the plaintiff was responsible for the loss of his dentures, he believed that the plaintiff was not entitled to a new set. Cravens said he did not believe the denial posed any risk of serious harm to the plaintiff, and the plaintiff did not raise the issue of a soft food diet in his grievance. (Def. Memo, Cravens Aff.) Cravens signed the denial of the plaintiff's appeal as the designee of Illinois Department of Corrections Director Donald Snyder.

Defendant Snyder says he did not participate in the resolution of the plaintiff's grievance and was not aware of plaintiff's concerns regarding his dentures. In addition, former Governor George Ryan did not participate in the resolution of inmate grievances and was not aware of the plaintiff's concerns.

III. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56c. A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970); Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

IV. ANALYSIS

A. PERSONAL KNOWLEDGE

The defendants correctly point out that Defendants Schomig, Snyder and Ryan had no involvement in the allegations in the plaintiff's complaint. Defendants cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir. 1982). For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . . ." Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988). The plaintiff has failed to provide any evidence that these defendants were directly involved in his claims, and therefore the court will dismiss the claims against them.

B. EIGHTH AMENDMENT

Defendant Cravens argues that he was not deliberately indifferent to the plaintiff's medical condition. An Eighth Amendment claim must pass both an objective and a subjective test in order to establish that the defendants conduct violated the constitution. Rhodes v. Chapman, 452 U.S. 337, 346 (1981); Wilson v. Seiter, 501 U.S. 294, 297 (1991). The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. Id. Second, the Plaintiff must show that the Defendants acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it Farmer at 840-42).

Whether or not the plaintiff suffered from a serious medical condition, the plaintiff has not demonstrated that Defendant Cravens was deliberately indifferent. The biggest complaint in the plaintiff's grievance was his claim that officers maliciously took his dentures. Defendant Cravens was informed that the dentures were lost due to the plaintiff's own conduct. In addition, before the incident occurred, the plaintiff was aware that he would not get replacement dentures for five years unless the original pair broke or he paid for the replacement.

Cravens was informed that the plaintiff was not eligible for new dentures, but the plaintiff was given the option to pay for a new set. The plaintiff has not demonstrated that Cravens knew the plaintiff could not pay for these new dentures, or that the plaintiff was denied a soft food diet, or that the plaintiff was unable to eat. There is no evidence that Defendant Cravens was deliberately indifferent to the plaintiff's condition based on the information that was provided to Defendant Cravens. The court will therefore grant summary judgement as to any claims against Defendant Cravens.

C.  REMAINING DEFENDANTS

The court notes that Defendants Forbes and Kling are still named as defendants in this case. The defendants' motion for summary judgement does not address claims against these defendants. However, the court's last order discussing the surviving claims states that the allegations are against Defendants Snyder, Cravens, Schomig and Ryan.

The only claims against Defendants Forbes and Kling were that these officers took and destroyed plaintiff's dentures. (Def. Memo, Plain. Grievance). The court found that this allegation failed to state a claim upon which relief could be granted. *See* February 19, 2003 Court Order. Therefore, the plaintiff has no surviving claims against these two individuals and the court will dismiss Defendants Forbes and Kling.

IT IS THEREFORE ORDERED that:

**1) The defendants' motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56.  [d/e 59]   The court will also dismiss Defendants Forbes and Kling for failure to state a claim upon which relief can be granted. The Clerk of the Court is directed to enter judgment in favor of the defendants in accordance with this order. The parties are to bear their own costs.  This case is terminated.**

**2) The agency having custody of the Plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid**

in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $150.00.

3) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.

4)  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

5)  **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter this 1st day of November, 2005.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE